CHRISTOPHER M. YOUNG (SBN 163319)
christopher.young@us.dlapiper.com
TIMOTHY D. GILBERT (*pro hac vice*)
timothy.gilbert@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067
Telephone: (310) 595-3000
Facsimile: (310) 595-3300

Attorneys for Defendant
PORSCHE CARS NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BLAKE STANLEY, an Individual, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DR. ING. H.C. F. PORSCHE AG, a German corporation, and PORSCHE CARS NORTH AMERICA, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. 2:25-cv-5916-MWC-JPR<br><br>*Hon. Michelle Williams Court*<br>*Hon. Jean P. Rosenbluth*<br><br>**DEFENDANT PORSCHE CARS NORTH AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date: January 23, 2026<br>Time: 1:30 p.m.<br>Courtroom: 6A |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 23, 2026 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom No. 6A of the United States District Court for the Central District of California, First Street U.S. Courthouse, 350 W. 1st Street, Courtroom 6A, Los Angeles, CA 90012, Defendant Porsche Cars North America, Inc. ("PCNA") will and hereby does move, under Federal Rule of Civil Procedure 12(b)(6), for an order dismissing Plaintiff Blake Stanley's second amended complaint with prejudice, and alternatively moves, under Federal Rule of Civil Procedure 12(f), for an order striking Plaintiff Blake Stanley's class allegations.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, arguments made in reply to any opposition to this Motion, arguments of counsel at the Motion's hearing, if any, and the papers, records, and pleadings on file herein.

This Motion is made following the parties' meet and confer of December 15, 2025. *See* Decl. of Timothy D. Gilbert ¶ 4. Following that meet and confer, PCNA sent Plaintiff an email explaining the substance of its motion on December 23, 2025, and asked Plaintiff if he needed to meet and confer further. *Id.* ¶ 9. Plaintiff refused to provide his availability. *Id.* ¶¶ 10–14.

DATED: December 26, 2025          **DLA PIPER LLP (US)**

                                  By:  /s/ Christopher M. Young
                                       Christopher M. Young
                                       Timothy D. Gilbert

                                  Attorneys for Defendant Porsche Cars North America, Inc.

1

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ........................................................ 1

II.  BACKGROUND ......................................................... 2

III. LEGAL STANDARD ................................................. 3

IV. ARGUMENT ............................................................ 3

   A.   The Court should dismiss Mr. Stanley's CLRA claim. ................................ 4

      1.   Mr. Stanley fails to plead how PCNA had a duty to disclose. ............... 4

         a.   Mr. Stanley fails to plead a cognizable safety hazard. ...................... 5

         b.   Mr. Stanley fails to plead PCNA's knowledge of a safety defect...... 7

      2.   PCNA's alleged omissions could not mislead a reasonable consumer. 10

   B.   The Court should dismiss Mr. Stanley's UCL claim. ............................. 12

      1.   The Court should dismiss Mr. Stanley's fraudulent prong claim. ........ 12

      2.   The Court should dismiss Mr. Stanley's unlawful prong claim........... 12

      3.   The Court should dismiss Mr. Stanley's unfair prong claim. .............. 13

   C.   The Court should dismiss Mr. Stanley's claims with prejudice................ 13

   D.   Alternatively, the Court should strike Mr. Stanley's class allegations. ..... 14

V.  CONCLUSION ............................................................ 16

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re "Clean Diesel"*,
349 F. Supp. 3d 881 (N.D. Cal. 2018)...................................................11

*Angulo v. Providence Health & Servs.–Wash.*,
2024 WL 3744258 (W.D. Wash. Aug. 9, 2024) ..............................14

*Apodaca v. Whirlpool Corp.*,
2013 WL 6477821 (C.D. Cal. Nov. 8, 2013) ...............................6, 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..........................................................................3

*Banis Rest. Design, Inc. v. Serrano*,
134 Cal. App. 4th 1035 (2005)........................................................11

*Bank of N.Y. Mellon v. Astoria Trails N. Homeowners Ass'n*,
2016 WL 11857288 (D. Nev. May 27, 2016) ................................8

*Becerra v. Dr Pepper/Seven Up, Inc.*,
945 F.3d 1225 (9th Cir. 2019) .........................................................10

*Beshwate v. BMW of N. Am., LLC*,
2017 WL 6344451 (E.D. Cal. Dec. 12, 2017)................................11

*Bruton v. Gerber Prods. Co.*,
703 F. App'x 468 (9th Cir. 2017)....................................................12

*Butler v. Porsche Cars N. Am., Inc.*,
2017 WL 1398316 (N.D. Cal. Apr. 19, 2017)................................15

*Daramola v. Oracle Am., Inc.*,
92 F.4th 833 (9th Cir. 2024).............................................................14

*Davidson v. Sprout Foods, Inc.*,
106 F.4th 842 (9th Cir. 2024), cert. denied, 145 S. Ct. 1922 (2025) .................3

*Dixon v. Monterey Fin. Servs., Inc.*,
2016 WL 3456680 (N.D. Cal. June 24, 2016) ................................14

ii

*Duvall v. Haier US Appliance Sols., Inc.*,
  2025 WL 3014040 (N.D. Cal. Oct. 27, 2025) ..................................................6, 7

*Elias v. Hewlett-Packard Co.*,
  950 F. Supp. 2d 1123 (N.D. Cal. 2013) ..............................................................7

*Goins v. United Parcel Serv. Inc.*,
  2023 WL 3047388 (N.D. Cal. Apr. 20, 2023) ..................................................14

*Hadley v. Kellogg Sales Co.*,
  243 F. Supp. 3d 1074 (N.D. Cal. 2017) ......................................................12, 13

*Hahn v. Select Portfolio Servicing, Inc.*,
  424 F. Supp. 3d 614 (N.D. Cal. 2020) ..............................................................12

*Hastings v. Ford Motor Co.*,
  2022 WL 848330 (S.D. Cal. Mar. 22, 2022) ......................................................9

*Jackson v. Carey*,
  353 F.3d 750 (9th Cir. 2003) ............................................................................13

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ..............................................................................3

*King v. Nat'l Gen. Ins. Co.*,
  2021 WL 2400899 (N.D. Cal. June 11, 2021) ..................................................14

*Klein v. Dr. Ing. h.c. F. Porsche AG*,
  2025 WL 1702714 (C.D. Cal. June 16, 2025) (Williams Court, J.) ..........*passim*

*Klein v. Dr. Ing. h.c. F. Porsche AG*,
  No. 2:20-cv-10079 (C.D. Cal.) ............................................................................2

*Lippitt v. Raymond James Fin. Servs., Inc.*,
  340 F.3d 1033 (9th Cir. 2003) ..........................................................................12

*Menzel v. Scholastic, Inc.*,
  2018 WL 1400386 (N.D. Cal. Mar. 19, 2018) ....................................................8

*Mossazadeh v. Monahan Prods., LLC*,
  2025 WL 3211457 (C.D. Cal. Oct. 9, 2025) ....................................................14

*Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm.
  Co. Ltd.*,
  674 F. Supp. 3d 799 (C.D. Cal. 2023) ..............................................................15

iii

*Poshville, Inc. v. Pawnee Leasing*,
   2021 WL 4776708 (C.D. Cal. July 15, 2021) .....................................................14

*Quackenbush v. Am. Honda Motor Co., Inc.*,
   2021 WL 6116949 (N.D. Cal. Dec. 27, 2021) ...................................................15

*Ruegsegger v. Caliber Home Loans, Inc.*,
   2019 WL 8163640 (C.D. Cal. Jan. 8, 2019).......................................................14

*Sanders v. Apple Inc.*,
   672 F. Supp. 2d 978 (N.D. Cal. 2009)...............................................................14

*Shah v. Gen. Motors LLC*,
   2023 WL 8852491 (N.D. Cal. Dec. 21, 2023) .....................................................9

*Sharma v. Volkswagen AG*,
   2022 WL 20299948 (N.D. Cal. Jan. 21, 2022) .................................................14

*Sloan v. Gen. Motors LLC*,
   2017 WL 3283998 (N.D. Cal. Aug. 1, 2017).......................................................9

*Sonneveldt v. Mazda Motor of Am., Inc.*,
   2023 WL 2292600 (C.D. Cal. Feb. 23, 2023) ...................................................16

*Soo Park v. Thompson*,
   851 F.3d 910 (9th Cir. 2017) ...............................................................................8

*Stewart v. Electrolux Home Prods., Inc.*,
   2018 WL 1784273 (E.D. Cal. Apr. 13, 2018).....................................................9

*Stockinger v. Toyota Motor Sales, U.S.A., Inc.*,
   2020 WL 1289549 (C.D. Cal. Mar. 3, 2020) ...................................................15

*Sweeny v. Toyota Motor Sales, U.S.A., Inc.*,
   2023 WL 2628697 (C.D. Cal. Feb. 9, 2023) .......................................................4

*Tietsworth v. Sears*,
   720 F. Supp. 2d 1123 (N.D. Cal. 2010)............................................................14

*Todd v. Tempur-Sealy Int'l, Inc.*,
   2016 WL 5746364 (N.D. Cal. Sept. 30, 2016)..................................................15

*Tomek v. Apple Inc.*,
   636 F. App'x 712 (9th Cir. 2016).......................................................................7

iv

TABLE OF AUTHORITIES

*Tommy Alastra Prods., Inc. v. McDonaugh*,
    2025 WL 2427999 (C.D. Cal. July 9, 2025) ...................................................12

*Valencia v. Volkswagen Grp. of Am. Inc*,
    119 F. Supp. 3d 1130 (N.D. Cal. 2015).................................................................4

*Victorino v. FCA US LLC*,
    2018 WL 1083395 (S.D. Cal. Feb. 27, 2018) ......................................................7

*Webb v. Carter's Inc.*,
    272 F.R.D. 489 (C.D. Cal. 2011)........................................................................15

*Williams v. Tesla, Inc.*,
    2022 WL 899847 (N.D. Cal. Mar. 28, 2022) ......................................................9

*Williams v. Yamaha Motor Co.*,
    851 F.3d 1015 (9th Cir. 2017) .............................................................4, 5, 6, 7

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012)...............................................................*passim*

*Wong v. Iovate Health Scis. U.S.A. Inc.*,
    2025 WL 821451 (E.D. Cal. Mar. 14, 2025)......................................................13

**Statutes**

Cal. Bus. & Prof. Code § 17200 ...........................................................................12

**Other Authorities**

16 C.F.R. § 455, Figure 3 ......................................................................................11

16 C.F.R. § 455.2(a)..............................................................................................10

16 C.F.R. § 455.3(a)..............................................................................................10

v

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Under Federal Rule of Civil Procedure 12(b)(6), Defendant Porsche Cars North America, Inc. ("PCNA") moves this Court for an order dismissing Plaintiff Blake Stanley's second amended complaint (ECF 40, the "SAC") with prejudice. Alternatively, PCNA moves to strike Mr. Stanley's class allegations.

## I.  <u>INTRODUCTION</u>

Through his second amendment, Mr. Stanley has slimmed down his complaint. He no longer alleges that his vehicle's suspension system is defective. Nor does he attempt to plead claims for unjust enrichment or breach of warranty. He's also abandoned any attempt to represent a class of new-car purchasers. Instead, Mr. Stanley focuses his SAC on PCNA's alleged concealment (as opposed to misrepresentation) of a purported design defect in his used vehicle that allegedly causes oil leaks. Despite this narrowing, Mr. Stanley's consumer-protection claims remain nonviable.

This is because Mr. Stanley has not—and cannot—plead facts necessary to state a claim. Principally, Mr. Stanley does not show that PCNA owed him a duty to disclose, as he pleads no facts plausibly suggesting the purported oil leak is safety-relevant or that PCNA had knowledge of a defect. Moreover, Mr. Stanley fails to show how PCNA's alleged omissions about new Macan vehicles that he did not buy could mislead a reasonable consumer, particularly where *his* used Macan displayed disclosures about oil leaks at point of sale.

Even if this Court lets any of Mr. Stanley's claims move forward, it should at least strike his class allegations. Mr. Stanley attempts to represent a putative class of only used-car buyers. As this Court recently held in a case related to this one, used-car purchasers cannot comprise an omission-based class because they "likely would not have been aware of any disclosure" from PCNA. *Klein v. Dr. Ing. h.c. F. Porsche AG*, 2025 WL 1702714, at *11 (C.D. Cal. June 16, 2025) (Williams Court, J.). Thus, Mr. Stanley's class claims should proceed no further.

## II.    <u>BACKGROUND</u>

This is a "lemon law case." ECF 39 at 1. In it, Mr. Stanley alleges that his used 2016 Porsche Macan S, which he purchased from a "luxury used car dealership" in July 2023, contains a design defect in its engine's timing chain cover ("TCC") that makes the engine leak oil. ECF 40 ¶¶ 1, 3, 80. Mr. Stanley claims that PCNA defrauded him by failing to disclose that defect even though he purchased his vehicle used from an entity unaffiliated with PCNA. *Id.* ¶¶ 80, 82. Had oil leaks been disclosed, Mr. Stanley says, he would not have purchased his vehicle or he would have paid substantially less for it. *Id.* ¶¶ 82, 120, 136.

Mr. Stanley alleges that the purported TCC defect is problematic because it creates "serious safety hazards." *Id.* ¶ 28. Yet, the sole hazard Mr. Stanley identifies is a "fire risk." *Id.* And Mr. Stanley offers only one sentence explaining how the alleged oil leaks can cause fires. *Id.* ("Oil leaking from the TCC junctures onto or even in the proximity of hot engine components, including the exhaust manifold and turbochargers, can ignite, causing engine fires that threaten vehicle occupants and others."). Nowhere does he allege that his vehicle has caught fire or any Macan vehicle has ever caught fire because of the alleged TCC defect.

These pleading insufficiencies are glaring, as the SAC is Mr. Stanley's third attempt to state claims. He filed his first complaint in June 2025. ECF 1. After PCNA moved to dismiss, Mr. Stanley filed a first amended complaint ("FAC"). ECF 21 (motion); ECF 25 (FAC). That did not avail him, as the Court dismissed Mr. Stanley's FAC. *See* ECF 39. The Court granted Mr. Stanley leave to amend. *Id.* at 14. Mr. Stanley used that opportunity to narrow his claims and rewrite his narrative. But Mr. Stanley still lacks a single viable claim.

The SAC is Mr. Stanley's counsel's seventh pleading in their seemingly unending quest to certify a class of Macan purchasers. The first four pleadings came in *Klein v. Dr. Ing. h.c. F. Porsche AG*, No. 2:20-cv-10079 (C.D. Cal.), a now-closed case marked related to this one. *Id.*, ECF 1, 25, 54, 101 (pleadings); *see also*

2

*Stanley*, ECF 16 (marking this case related to *Klein*). Counsel litigated *Klein* for over five years, collected thousands of documents from PCNA and Porsche AG, and filed two motions to certify a class. *See Klein*, ECF 50 (beginning discovery in October 2022); *id.*, ECF 253 (closing fact discovery in October 2025). Despite that, the *Klein* Plaintiffs failed to obtain class certification. *See Klein*, 2025 WL 1702714 (first denial), *Klein*, 2025 WL 2992172 (C.D. Cal. Oct. 22, 2025) (Williams Court, J.) (second denial). It is time for this related litigation to end.

### III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the Court should dismiss a pleading if the plaintiff fails to allege facts establishing all elements of a claim or fails to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court should accept well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor, it need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018).

Where, as here, a plaintiff pleads claims that "include[] an element of fraud, it must also 'state with particularity the circumstances constituting fraud'" under Rule 9(b). *Khoja*, 899 F.3d at 1008 (quoting Fed. R. Civ. P. 9(b)). To satisfy Rule 9(b), a plaintiff must "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Davidson v. Sprout Foods, Inc.*, 106 F.4th 842, 852 (9th Cir. 2024); *see also* ECF 39 at 6, 8 (the Court finding that Rule 9(b) governs Mr. Stanley's CLRA and UCL claims).

### IV.    ARGUMENT

Mr. Stanley's third version of his CLRA and UCL claims fares worse than the first two. The Court should dismiss those claims with prejudice. Even if the Court lets them proceed, it should at least strike the class allegations within them.

**A.    The Court should dismiss Mr. Stanley's CLRA claim.**

Mr. Stanley's CLRA claim is based on only one theory: PCNA "concealed and failed to disclose the TCC design defect to Plaintiff and Class members." ECF ¶ 115.

For two reasons, that theory fails. **First**, Mr. Stanley fails to plead how PCNA owed him a duty to disclose. That is because he fails to plead a viable safety risk arising from the oil leak; indeed, the Ninth Circuit has held that a speculative fire risk like Mr. Stanley's is not enough to state a claim. *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1028 (9th Cir. 2017). Moreover, Mr. Stanley fails to plead how PCNA had knowledge of a safety-relevant defect, instead relying upon boilerplate assertions made "[o]n information and belief." **Second**, no reasonable consumer would be misled by the alleged omissions, as the reasonable consumer would have instead relied upon the federally mandated disclosure of oil leaks displayed on used vehicles.

**1.    Mr. Stanley fails to plead how PCNA had a duty to disclose.**

"To state an actionable claim under the CLRA or the UCL arising out of an omission, Plaintiffs must sufficiently plead that the defendant had a duty to disclose the information omitted." *Valencia v. Volkswagen Grp. of Am. Inc*, 119 F. Supp. 3d 1130, 1135 (N.D. Cal. 2015). "The extent of a manufacturer's duty to disclose a defect depends on whether it arises in-warranty or post-warranty." *Sweeny v. Toyota Motor Sales, U.S.A., Inc.*, 2023 WL 2628697, at *9 (C.D. Cal. Feb. 9, 2023). Here, the "defect arises outside of the warranty period" because Mr. Stanley bought his car used and without warranty coverage. *Id.*; *see also* ECF 40 ¶ 81 (admitting that Mr. Stanley's vehicle only had warranty coverage "[w]hen originally sold"). This means that Mr. Stanley must establish four elements to show PCNA's duty to disclose: "(1) the existence of a design defect; (2) the existence of an unreasonable safety hazard; (3) a causal connection between the alleged defect and the alleged safety hazard; and [4] that the manufacturer knew of the defect at the time a sale

4

was made." *Williams*, 851 F.3d at 1025 (elements); *id.* at 1029 (post-warranty application). Mr. Stanley fails to plead a viable safety hazard or PCNA's knowledge thereof.

### a.    Mr. Stanley fails to plead a cognizable safety hazard.

In sharp contrast to his previous pleadings, Mr. Stanley now identifies only one alleged safety hazard created by the alleged oil leaks: "fire risk." ECF 40 ¶ 28; *see also id.* ¶¶ 4, 44(c), 50, 52, 60, 67, 114, 118, 141 (all identifying a "fire" as the potential safety harm). The oil leaks, Mr. Stanley proclaims, can cause fires because oil leaks "in the proximity of hot engine components, including the exhaust manifold and turbochargers, can ignite, causing engine fires that threaten vehicle occupants and others." *Id.*

That one sentence is the sum total of Mr. Stanley's allegations explaining the supposed fire hazard. The absence of detail is remarkable against the gravity of his allegations and this litigation's history. Mr. Stanley pleads that *every* model year 2015–18 Macan S, Macan GTS, and Macan Turbo has a defective engine that creates a "fire hazard." ECF 40 ¶ 28 (fire risk); *id.* ¶ 69 (the defect allegedly exists in "all Class Vehicles"); *id.* ¶ 98 (defining class). This is pure fantasy. The putative class vehicles have been on the road for over a decade. *Id.* ¶ 98. They've been driven by "thousands" of putative class members in California alone. *Id.* ¶ 100. In *Klein*, Mr. Stanley's lawyers spent over five years litigating engine-related claims, obtaining mountains of discovery. Yet, despite the abundance of Macan vehicles on the road, despite the decade they have been on the streets, and despite his counsel's years-long crusade against PCNA, ***Mr. Stanley fails to identify a single Macan fire due to the alleged oil leaks***. Not one.

That generality compels dismissal under the Ninth Circuit's binding decision in *Williams*, 851 F.3d 1015. There, plaintiffs pursued omission-based fraud claims by pleading that certain Yamaha motors posed "the potential for onboard fires." *Id.* at 1028. The Ninth Circuit affirmed dismissal, finding that the "alleged safety risk

5

1    is speculative and unsupported by factual allegations." *Id.* Critical to the Ninth
2    Circuit's ruling was this sentence: "[T]he SAC lacks any allegations indicating that
3    any customer, much less any plaintiff, experienced such a fire—a notable omission
4    if the alleged unreasonable safety hazard arises in *all* Yamaha outboard motors
5    sooner or later." *Id.* at 1028–29 (emphasis in original).

6         That reasoning controls here. As in *Williams*, Mr. Stanley claims that "*all*"
7    2015–18 Macan S, Macan GTS, and Macan Turbo vehicles will experience the
8    engine defect. *Williams*, 851 F.3d at 1028. But even though thousands of these
9    allegedly defect-ridden vehicles have roamed California roads for a decade, Mr.
10   Stanley could not plead a ***single incident*** of the fire risk coming to fruition. All he
11   can muster is the "conjectural and hypothetical" possibility of a fire happening,
12   "unsupported by factual allegations" showing how that risk can become reality.
13   *Williams*, 851 F.3d at 1028. As a matter of law, that's not enough to plead a duty to
14   disclose. *See id.*; *see also, e.g.*, *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1144
15   (9th Cir. 2012) (in binding authority predating *Williams*, the Ninth Circuit affirming
16   dismissal of fire-based claims where plaintiff failed to allege how an alleged fire
17   risk "in any way led to [plaintiff's laptop] catching on fire"); *Duvall v. Haier US
18   Appliance Sols., Inc.*, 2025 WL 3014040, at *4 (N.D. Cal. Oct. 27, 2025)
19   (dismissing claims about a "hypothetical" fire risk where plaintiffs failed to plead a
20   single instance of fire actually occurring).

21        To be sure, courts have sent fire-related concealment claims to discovery
22   even where no fire occurred. *See Williams*, 851 F.3d at 1028 (citing *Apodaca v.
23   Whirlpool Corp.*, 2013 WL 6477821, at *9 (C.D. Cal. Nov. 8, 2013) as one such
24   example). But that is appropriate only if plaintiffs plead a "sufficiently close nexus"
25   between the defect and the hypothetical harm (*id.*)—or, as explained by the
26   paradigm case cited in *Williams*, "great detail" connecting the defect to the harm.
27   *Apodaca*, 2013 WL 6477821, at *9. Mr. Stanley's SAC is a far cry from "great
28   detail." The SAC's "safety hazards" section contains all of one sentence explaining

6

1   how the oil leak can cause fires—and that sentence itself is speculative. ECF 40

2   ¶ 28 (pleading that oil "can ignite"). Mr. Stanley's sentence-long musing does not

3   create a plausible claim that should subject PCNA to burdensome class action

4   litigation and discovery. *See Duvall*, 2025 WL 3014040, at *4 (distinguishing

5   *Apodaca* because plaintiff failed to include "great detail" about the fire risk).

6        In sum, the Court should not let Mr. Stanley litigate unadorned claims of "fire

7   risk" without "factual support." *Williams*, 851 F.3d at 1028. It should dismiss his

8   claim with prejudice.

9              **b.**    **Mr. Stanley fails to plead PCNA's knowledge of a safety**

10               **defect.**

11        But even if Mr. Stanley's hypothetical fire risk sufficed, he still fails to

12   establish a duty to disclose for an independent reason: He fails to plead how PCNA

13   had knowledge of that risk.

14        To establish a duty to disclose, Mr. Stanley must plead that PCNA "was

15   'aware that the defect posed a safety hazard.'" *Victorino v. FCA US LLC*, 2018 WL

16   1083395, at *7 (S.D. Cal. Feb. 27, 2018) (quoting *Wilson*, 668 F.3d at 1146); *see*

17   *also Williams*, 851 F.3d at 1025. While pleading knowledge is governed by Rule 8

18   rather than Rule 9, "this does not mean that conclusory allegations of knowledge or

19   intent suffice." *Elias v. Hewlett-Packard Co.*, 950 F. Supp. 2d 1123, 1138 (N.D.

20   Cal. 2013) (cleaned up); *see also Tomek v. Apple Inc.*, 636 F. App'x 712, 713 (9th

21   Cir. 2016) ("merely conclusory" allegations about knowledge mandate dismissal).

22   Rather, Mr. Stanley must plead a sufficient "factual basis" showing PCNA's

23   knowledge of a safety-relevant defect. *Wilson*, 668 F.3d at 1146.

24        But Mr. Stanley only offers the boilerplate, conclusory assertion that, "[o]n

25   information and belief," PCNA "understood that the oil leaks resulting from the

26   TCC design defect posed a safety hazard to consumers." ECF 40 ¶ 52. The SAC

27   lacks a single well-pleaded allegation explaining how or why that is so. No reported

28

safety incident. No consumer complaint about safety. No testing that indicated a fire risk. Nothing, period.

Once again, binding Ninth Circuit authority governs. In *Wilson*, the plaintiffs claimed Hewlett-Packard sold laptops containing a defect that made them "ignite into flames." *Wilson*, 668 F.3d at 1144. But to support that claim, the plaintiffs offered "merely conclusory" statements that Hewlett-Packard "became familiar with" and was "on notice" of the defect based on some vague "consumer complaints." *Id.* at 1146–47. The Ninth Circuit held that such vagueness didn't suffice to make a manufacturer answer a class action complaint. *Id.* The same goes here, as Mr. Stanley cites nothing to establish how PCNA knew oil leaks were safety-relevant.

Mr. Stanley's "[o]n information and belief" disclaimer regarding PCNA's knowledge provides an independent reason to dismiss. ECF 40 ¶ 52. Pleading "on information and belief" is permissible in only two circumstances: (1) "where the facts are peculiarly within the possession and control of the defendant" or (2) "where the belief is based on factual information that makes the inference of culpability plausible." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017). Neither standard is met here. Knowledge-related facts are hardly "peculiar" to PCNA following the abundance of discovery that Mr. Stanley's counsel enjoyed in *Klein*. *See, e.g.*, *Bank of N.Y. Mellon v. Astoria Trails N. Homeowners Ass'n*, 2016 WL 11857288, at *2 (D. Nev. May 27, 2016) ("[T]he time for relying on allegations made on information and belief has passed" following discovery). And as described above, Mr. Stanley fails to plead "factual information" supporting his alleged belief, instead relying on the conclusory and the boilerplate. *Menzel v. Scholastic, Inc.*, 2018 WL 1400386, at *2 (N.D. Cal. Mar. 19, 2018) ("[W]hile facts may be alleged upon information and belief, that does not mean that conclusory allegations are permitted."). Mr. Stanley's resort to "information and belief" underscores how little factual support he has for his claims.

8

While Mr. Stanley's failure to plead PCNA's knowledge of a safety-relevant defect alone requires dismissal, he also fails to plead knowledge of even a ***general*** defect. To allege that PCNA knew about an oil leak generally (as opposed to a leak from the TCC affecting safety), Mr. Stanley cites undescribed "pre-production engineering analysis," service records, undescribed warranty claims, and a technical service bulletin that PCNA allegedly issued in 2020. ECF 40 ¶¶ 30, 31, 37. None of that suffices to plead knowledge. Unadorned proclamations that testing or data (*i.e.*, service records) showed a defect do not establish knowledge. *See, e.g.*, *Williams v. Tesla, Inc.*, 2022 WL 899847, at *4 (N.D. Cal. Mar. 28, 2022) (citing cases). So too for "undated customer complaints" like the warranty claims Mr. Stanley cites, particularly when they lack detail about what the complaints say; all they establish is that "some consumers were complaining" at some unknown time. *Wilson*, 668 F.3d at 1147; *see also Sloan v. Gen. Motors LLC*, 2017 WL 3283998, at *7 (N.D. Cal. Aug. 1, 2017) (finding lack of knowledge where plaintiff failed to plead "an *unusual* number of complaints" as here (emphasis in original)). And courts regularly hold that a technical service bulletin is not evidence of knowledge if its contents are not "relevant to the specific defect alleged." *See, e.g.*, *Hastings v. Ford Motor Co.*, 2022 WL 848330, at *15 (S.D. Cal. Mar. 22, 2022); *see also Sloan*, 2017 WL 3283998, at *7 (similar). Here, ***Mr. Stanley admits*** that the technical service bulletin "did not disclose that the oil leaks were due to a design defect inherent in its vehicles." ECF 40 ¶ 37.

In sum, courts routinely dismiss omission-based fraud complaints where a plaintiff only offers conclusory allegations about knowledge. *See, e.g.*, *Shah v. Gen. Motors LLC*, 2023 WL 8852491, at *6 (N.D. Cal. Dec. 21, 2023); *Williams*, 2022 WL 899847, at *4; *Stewart v. Electrolux Home Prods., Inc.*, 2018 WL 1784273, at *8–9 (E.D. Cal. Apr. 13, 2018). This Court should join them and dismiss Mr. Stanley's omission-based claim.

1
2

**2.    PCNA's alleged omissions could not mislead a reasonable consumer.**

3    Even if PCNA had a duty to disclose, Mr. Stanley's claim still fails. That is
4    because no reasonable consumer would be misled by an omission about oil leaks in
5    these circumstances.

6    California's "consumer-protection statutes are governed by the 'reasonable
7    consumer' test." *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th
8    Cir. 2019). To state a claim under that test, Mr. Stanley must "show that members
9    of the public are likely to be deceived" by the conduct at issue. *Id.* The test mandates
10   "a probability that a significant portion of the general consuming public or of
11   targeted consumers, acting reasonably in the circumstances, could be misled." *Id.*
12   at 1229 (quotations omitted). Mr. Stanley cannot show this, as the objective,
13   reasonable consumer would not rely on alleged omissions about other vehicles over
14   disclosures about the vehicle actually purchased.

15   Mr. Stanley cites six places in which PCNA allegedly omitted the oil leak
16   from him: (1) the 2013 LA Auto Show, (2) an unnamed Porsche dealership from
17   which he did not purchase his vehicle, (3) a brochure for the 2016 Macan, (4) "the
18   Porsche website for the US market," (5) Google searches, and (6) an Edmunds
19   review of "the Macan." ECF 40 ¶¶ 83–88. All of those channels have something in
20   common: None describe the used Macan that Mr. Stanley ***actually purchased***. Had
21   Mr. Stanley reviewed the disclosures accompanying the vehicle he bought—as an
22   objective, reasonable consumer would—he'd have found the risk of oil leaks
23   conspicuously disclosed.

24   That is because federal law requires dealers offering any "used vehicle for
25   sale" to "display on that vehicle the applicable 'Buyers Guide.'" 16 C.F.R. §
26   455.2(a). Dealers must "prominently and conspicuously" display the Buyers Guide,
27   with both sides "readily readable." 16 C.F.R. § 455.2(a)(1). The Buyers Guide itself
28   contains mandatory "disclosures" about used vehicles. 16 C.F.R. § 455.3(a). One

10

of them is especially relevant here: Under a section titled "**Here is a list of some major defects that may occur in used vehicles**," the Buyers Guide lists "**Engine** . . . _Oil leakage, excluding normal seepage_." 16 C.F.R. § 455, Figure 3 (bold text in original, other emphasis added).

The Buyers Guide's disclosure should end this case, as the reasonable consumer would not ignore it in favor of decade-old disclosures about different vehicles. Mr. Stanley pleads that he purchased a "used" Macan "from a luxury used car dealership" in 2023. ECF 40 ¶ 80. Federal law obligated that "used car dealership" to display a Buyers Guide that "prominently and conspicuously" disclosed the **precise** defect alleged here—the Macan can exhibit "[o]il leakage" beyond "normal seepage." 16 C.F.R. § 455, Figure 3. Mr. Stanley apparently ignored those disclosures in favor of, among other things, purported omissions made ten years before his purchase at the 2013 LA Auto Show about a new vehicle. ECF 40 ¶ 83. That bizarre choice does not create a claim against PCNA. _See Beshwate v. BMW of N. Am., LLC_, 2017 WL 6344451, at *15–17 (E.D. Cal. Dec. 12, 2017) (dismissing CLRA claim for lack of reasonable reliance where Buyers Guide explained relevant limitations); _see also In re "Clean Diesel"_, 349 F. Supp. 3d 881, 892 (N.D. Cal. 2018) ("[V]ehicle depreciation is a fact of life.").

Mr. Stanley makes no effort to explain away the Buyers Guide in the SAC— nor could he. The SAC contains no allegation that the used-car dealership violated federal law by failing to display a Buyers Guide on Mr. Stanley's used Macan. _See generally_ ECF 40. Indeed, in both of his previous pleadings, Mr. Stanley freely admitted that used vehicles come equipped with Buyers Guides. _See_ ECF 1 ¶ 87; ECF 25 ¶ 87. After PCNA noted that issue in its first motion to dismiss, Mr. Stanley fell silent about the Buyers Guide in hopes that PCNA and the Court will ignore it. Pleadings do not work that way. _Banis Rest. Design, Inc. v. Serrano_, 134 Cal. App. 4th 1035, 1044 (2005) ("[W]hen a complaint contains allegations that are fatal to a cause of action, a plaintiff cannot avoid those defects simply by filing an amended

11

complaint that omits the problematic facts or pleads facts inconsistent with those alleged earlier."); *Tommy Alastra Prods., Inc. v. McDonaugh*, 2025 WL 2427999, at \*6 n.7 (C.D. Cal. July 9, 2025) (applying same principle to federal pleading standards).

At bottom, the objective, reasonable consumer would not be deceived by something that was not concealed from him. Mr. Stanley's CLRA claim should go no further.

**B.    The Court should dismiss Mr. Stanley's UCL claim.**

The UCL provides no safe harbor for Mr. Stanley's conclusory claims. To state a UCL claim, Mr. Stanley must plead that PCNA employed a "business act or practice" that was (1) fraudulent, (2) unlawful, or (3) unfair. *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003) (quoting Cal. Bus. & Prof. Code § 17200). He doesn't.

**1.    The Court should dismiss Mr. Stanley's fraudulent prong claim.**

The analysis under the fraudulent prong is simple because, as this Court recognized in assessing Mr. Stanley's previous pleading, the CLRA and UCL's fraudulent prong are governed by the same standard. *See* ECF 39 at 8–9; *see also Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1089 (N.D. Cal. 2017) (claims under the CLRA and the UCL's fraudulent prong are governed by "the same standard"). Thus, every argument in Section IV.A compels dismissal of Mr. Stanley's fraudulent prong UCL claim. *See also Wilson*, 668 F.3d at 1141 (a duty to disclose is required to state a fraudulent prong UCL claim).

**2.    The Court should dismiss Mr. Stanley's unlawful prong claim.**

The analysis under the unlawful prong is similarly straightforward. "The UCL's unlawful prong 'borrows' predicate legal violations and treats them as independently actionable under the UCL." *Bruton v. Gerber Prods. Co.*, 703 F. App'x 468, 471 (9th Cir. 2017). Thus, a UCL unlawful claim "stand[s] or fall[s] depending on the fate of the antecedent substantive causes of action." *Hahn v. Select*

12

*Portfolio Servicing, Inc.*, 424 F. Supp. 3d 614, 634 (N.D. Cal. 2020). Here, the sole "antecedent substantive cause[] of action" is Mr. Stanley's CLRA claim. Because that claim fails, his unlawful prong UCL claim fails, too.

### 3. The Court should dismiss Mr. Stanley's unfair prong claim.

Mr. Stanley's claim under the unfair prong also fails. He bases this claim on the same conduct on which he bases his fraudulent-prong and unlawful-prong claims—*i.e.*, PCNA's alleged "practice of concealing known safety defects." ECF 40 ¶ 140. This means it cannot proceed. *See, e.g.*, *Hadley*, 243 F. Supp. 3d at 1104–05 (an "unfair prong" UCL claim dies if it "overlap[s] entirely" with the fraudulent-prong and unlawful-prong theories and those theories failed); *Wong v. Iovate Health Scis. U.S.A. Inc.*, 2025 WL 821451, at *10 (E.D. Cal. Mar. 14, 2025) (same).

### C. The Court should dismiss Mr. Stanley's claims with prejudice.

After dismissing Mr. Stanley's FAC, this Court recognized that dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment." ECF 39 at 14 (quoting *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003)). That is now clear, warranting dismissal with prejudice.

Following dismissal, Mr. Stanley rewrote his pleading in an attempt to progress his claims. But that effort only further inters them. Considering this case's history, Mr. Stanley's most recent failure leaves no doubt that he cannot state a claim against PCNA. Mr. Stanley is benefitting from his counsel having spent over **five years** litigating Macan-related claims against PCNA in *Klein*. As this Court knows, those five years included thousands of document requests, thousands of documents produced in discovery, and dozens of hours of globe-spanning depositions. Despite all of that litigation, Mr. Stanley cannot muster any well-pleaded factual support for fundamental allegations about the alleged fire risk (*supra* § IV.A.1.a) or PCNA's knowledge of a defect (*supra* § IV.A.1.b). He only offers a conclusory mishmash of baseless claims.

13

Courts routinely dismiss with prejudice where a plaintiff has "already amended their complaint twice." *Sharma v. Volkswagen AG*, 2022 WL 20299948, at \*3 (N.D. Cal. Jan. 21, 2022); *see also, e.g.*, *Daramola v. Oracle Am., Inc.*, 92 F.4th 833, 836 & 844 (9th Cir. 2024) (affirming district court's dismissal with prejudice following two amendments); *King v. Nat'l Gen. Ins. Co.*, 2021 WL 2400899, at \*12 (N.D. Cal. June 11, 2021). Considering *Klein*, Mr. Stanley's failure to state a claim following three tries should end this case.

**D.    Alternatively, the Court should strike Mr. Stanley's class allegations.**

The Court should not entertain Mr. Stanley's SAC. But if it does, it should at least prevent this case from proceeding as a putative class action.

No doubt: Courts repeatedly find that motions to strike class allegations are "generally disfavored and rarely granted." *See, e.g.*, *Mossazadeh v. Monahan Prods., LLC*, 2025 WL 3211457, at \*8 (C.D. Cal. Oct. 9, 2025). But despite courts' repeated invocations of that rule, examples of courts striking class allegations abound.[1] That is because the "Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained." *Tietsworth*, 720 F. Supp. 2d at 1146. Here, the SAC demonstrates that Mr. Stanley's putative class cannot be maintained for a simple reason: He seeks to represent a class of "persons who purchased a **used**" Macan vehicle. ECF 40 ¶ 98 (emphasis added).

---

[1] *See, e.g.*, *Angulo v. Providence Health & Servs.–Wash.*, 2024 WL 3744258, at \*7–8 (W.D. Wash. Aug. 9, 2024); *Goins v. United Parcel Serv. Inc.*, 2023 WL 3047388, at \*14–15 (N.D. Cal. Apr. 20, 2023); *Poshville, Inc. v. Pawnee Leasing*, 2021 WL 4776708, at \*1 (C.D. Cal. July 15, 2021); *Ruegsegger v. Caliber Home Loans, Inc.*, 2019 WL 8163640, at \*16 (C.D. Cal. Jan. 8, 2019); *Dixon v. Monterey Fin. Servs., Inc.*, 2016 WL 3456680, at \*5 (N.D. Cal. June 24, 2016); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1147–48 (N.D. Cal. 2010); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009).

As this Court correctly recognized when rejecting class certification in *Klein*, omission-based claims under both the CLRA and UCL require a plaintiff to prove that all class members were "exposed" to the alleged omission. *See Klein*, 2025 WL 1702714, at \*11; *see also, e.g.*, *Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co. Ltd.*, 674 F. Supp. 3d 799, 838–39 (C.D. Cal. 2023) (denying certification because of inadequate "exposure to [] omissions"). No amount of discovery would allow Mr. Stanley to prove such exposure for a class of used-car buyers. That's because "a class member who purchased a **used** Class Vehicle from a **third party**"—*i.e.*, Mr. Stanley and the class he seeks to represent— "may not have interacted with a Porsche representative *at all* prior to purchase, and indeed may not have viewed *any* material or advertisements from Porsche." *Butler v. Porsche Cars N. Am., Inc.*, 2017 WL 1398316, at \*11 (N.D. Cal. Apr. 19, 2017) (last two emphases in original). Thus, "[g]iven the potential range of purchasing situations across the class, 'awareness of a disclosure [from Porsche] would almost certainly vary from consumer to consumer,'" precluding certification. *Id.* (quoting *Webb v. Carter's Inc.*, 272 F.R.D. 489, 502 (C.D. Cal. 2011)). Indeed, this Court **already found as much** when denying the *Klein* Plaintiffs' first motion for certification. *Klein*, 2025 WL 1702714, at \*11 (denying certification because "the class members who purchased from third parties likely would not have been aware of any disclosure from Defendants").[2]

---

[2] Similar cases are not hard to find. *See, e.g.*, *Quackenbush v. Am. Honda Motor Co., Inc.*, 2021 WL 6116949, at \*5 (N.D. Cal. Dec. 27, 2021) ("[E]xposure has failed when not all putative representative class members allege that they interacted with or received information from a salesperson."); *Stockinger v. Toyota Motor Sales, U.S.A., Inc.*, 2020 WL 1289549, at \*9 (C.D. Cal. Mar. 3, 2020) ("Because the inference of exposure and reliance **is not available in sales outside an authorized dealership**, individual inquiries would be required here to determine whether putative class members purchased their Class Vehicles from Toyota or a third party." (emphasis added)); *Todd v. Tempur-Sealy Int'l, Inc.*, 2016 WL 5746364, at \*12 (N.D. Cal. Sept. 30, 2016) (denying class certification for lack of

15

Certification's futility is even more apparent here than in the above cases given the alleged defect at issue. Whereas the above cases acknowledged certification is improper where class members were ***not*** exposed to an ***omission***, many members of the class here ***were*** exposed to a ***disclosure***. As described above, all used-car purchasers receive disclosures about the risks of oil leaks as a matter of law in the Buyers Guide. *See supra* § IV.A.2. Courts in this District have denied class certification for that very reason. *See Sonneveldt v. Mazda Motor of Am., Inc.*, 2023 WL 2292600, at *16 (C.D. Cal. Feb. 23, 2023) (denying certification where "purchasers of used cars receive a federally mandated Buyers Guide" that discloses the defect at issue).

The Court need not take PCNA's word for it: Mr. Stanley's counsel all but admitted that used-car buyers are not suitable for certification in *Klein*. This Court denied the *Klein* Plaintiffs' first motion for certification because they pursued classes that intermingled both new and used purchasers, the latter of whom "likely would not have been aware of any disclosure from Defendants." *Klein*, 2025 WL 1702714, at *11. To obtain a second try at class certification, the *Klein* Plaintiffs removed used-car purchasers from their putative class, promising the Court that doing so would "address[] the exposure issue." *Klein*, ECF 245 at 23. Counsel's double-about-face in Mr. Stanley's SAC only underscores their desperation to obtain a class—and the impossibility of doing so.

## V.    <u>CONCLUSION</u>

Allowing Mr. Stanley's conclusory claims to proceed would offend Rule 9(b) and Ninth Circuit precedent. And allowing his class claims to proceed would offend this Court's own precedents from *Klein*. The Court should dismiss Mr. Stanley's SAC with prejudice, and it should alternatively strike his class allegations.

---

class-wide exposure where over 90% of the relevant products were sold by "third-party retailers").

1  DATED: December 26, 2025          **DLA PIPER LLP (US)**

2

3                                    By:   /s/ Timothy D. Gilbert
                                            Christopher M. Young
4                                           Timothy D. Gilbert

5                                    Attorneys for Defendant Porsche Cars North
                                     America, Inc.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PAGE COUNT CERTIFICATION

The undersigned, counsel of record for PCNA, certifies that this Memorandum of Points and Authorities contains not more than 25 pages (excluding the caption page, table of contents, table of authorities, signature blocks, and this certification), which complies with the 25-page limit established by Paragraph 6(c) of this Court's July 30, 2025 Standing Order (ECF 17 at 4).


DATED: December 26, 2025          **DLA PIPER LLP (US)**

                                  By:   /s/ Timothy D. Gilbert
                                        Christopher M. Young
                                        Timothy D. Gilbert

                                  Attorneys for Defendant Porsche Cars North America, Inc.

1