UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:25-cv-05916-MWC-JPR                                        Date: January 21, 2026

Title:  Blake Stanley *et al.* v. Dr. Ing. h.c.F. Porsche AG *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (IN CHAMBERS) Order DENYING Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. [43])**

Before the Court is Defendant Porsche Cars North America, Inc.'s ("Defendant") motion to dismiss Plaintiff Blake Stanley's ("Plaintiff") Second Amended Class Action Complaint ("SAC").  *See* Dkt. # 43 ("*Mot.*").  Plaintiff opposed, *see* Dkt. # 44 ("*Opp.*"), and Defendant replied, *see* Dkt. # 45 ("*Reply*").  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers, the Court **DENIES** Defendant's motion to dismiss the SAC.

I.   Background

   A.   Factual Background

   This is a lemon law case arising out of Plaintiff's purchase of a 2016 Porsche Macan S.  *See* Dkt. # 40 ("*SAC*").  The SAC alleges as follows:

   In July 2023, Plaintiff purchased a used 2016 Porsche Macan S from a car dealership in California after first encountering the vehicle at the 2013 Los Angeles Auto Show.  *SAC* ¶¶ 80, 82.  When Porsche first released the vehicle in 2015, the company provided an express warranty and an implied warranty of merchantability.  *Id.* ¶ 81.  The first buyer to purchase the vehicle did so from a Porsche-franchised car dealership in Los Angeles County.  *Id.*  Before purchasing the vehicle, Plaintiff visited a Porsche dealership and spoke to a salesperson there, in addition to researching the Macan online through the Porsche website.  *Id.* ¶¶ 84, 86.  Plaintiff also relied on the brochure for the 2016 Macan, *see id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:25-cv-05916-MWC-JPR                                              Date: January 21, 2026

Title:   Blake Stanley *et al.* v. Dr. Ing. h.c.F. Porsche AG *et al.*

¶ 85, and the Macan's procedures advertise that the "integrated dry-sump lubrication of the V6 gasoline engines guarantees a reliable supply of oil in all driving situations," *id.* ¶ 21. Plaintiff conducted additional research by performing Google searches to see if he could identify any problems with the Macan. *Id.* ¶ 87. Plaintiff visited "the Edmunds" and read a review of the Macan, which provided him with additional information about the Macan's features. *See id.* ¶ 88. "At no time before or during Plaintiff's purchase did Porsche disclose that 2015–2018 Macan vehicles equipped with V6 engines suffer from a [timing chain cover ("TCC")] design defect causing dangerous oil leaks," requiring between $5,000 and $15,000 in repairs. *See id.* ¶ 82. When Plaintiff purchased his Macan, he relied on the expectation that the vehicle's components would last at least the duration of the warranty period without need for repair or replacement. *See id.* ¶ 92. "Had Porsche disclosed the TCC design defect, Plaintiff would not have purchased the vehicle or would have paid substantially less for it." *Id.* ¶ 89.

In January 2024, Plaintiff discovered that the vehicle was leaking oil from the engine. *Id.* ¶ 93. Plaintiff's mechanic identified the timing chain cover as the source of the leak, *id.* ¶ 94, and Plaintiff has suffered various damages, including overpayment for the vehicle, diminished value of the vehicle, and costs associated with addressing the oil leak defect, *see id.* ¶ 95. Plaintiff believes that the TCC design defect stems from "Porsche's failure to properly manage the complex thermal and mechanical interplay between the TCC assembly and the engine." *Id.* ¶ 3. The TCC is responsible for "seal[ing] the front face of the engine, protect[ing] the engine timing chain and associated engine timing components, and help[ing] keep the engine oil contained within the timing system, ensuring the system is properly lubricated for smooth operation." *Id.* ¶ 20. But the TCC in the Macan "suffers from a design defect that causes oil to leak from the perimeter of the TCC into the engine bay onto drive belts, electrical equipment, and hot engine components." *See id.* ¶ 24. "The oil leaks caused by the TCC design defect create serious safety hazards, including fire risk. Oil leaking from the TCC junctures onto or even in the proximity of hot engine components . . . can ignite, causing engine fires that threaten vehicle occupants and others." *Id.* ¶ 28.

Plaintiff believes that Porsche knew of the defect beginning with its 2015 vehicles and that the defect was not reasonably discoverable to him. *See id.* ¶¶ 6, 31, 32. "Porsche AG informed PCNA of the TCC design defect and its consequences before the Macan entered into production." *Id.* ¶ 52. Plaintiff believes that "Porsche AG and PCNA engineers as well as management, understood that the oil leaks resulting from the TCC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-05916-MWC-JPR                                                   Date: January 21, 2026

Title:       Blake Stanley *et al.* v. Dr. Ing. h.c.F. Porsche AG *et al.*

design defect posed a safety hazard to consumers . . . ." *Id.* Because the TCC is located deep within the engine compartment, obscured by engine covers and other components, it is not clearly visible without substantial disassembly. *See id.* ¶ 39. The Macan also has a plastic belly pan beneath the engine that catches oil leaks and makes those leaks less visible to owners. *See id.* ¶ 40.

      B.      Procedural Background

Plaintiff filed this putative class action against Defendant on June 30, 2025. *See* Dkt. # 1. On October 3, 2025, Plaintiff filed his First Amended Complaint ("FAC"). *See* Dkt. # 25 ("*FAC*"). On November 13, 2025, the Court granted Defendant's motion to dismiss the FAC with leave to amend. *See* Dkt. # 39 ("*First Dismissal Order*"). On December 12, 2025, Plaintiff filed the SAC. *See SAC*. The SAC asserts claims under the California Consumers Legal Remedies Act ("CLRA") and California Unfair Competition Law ("UCL").

II.      Legal Standard

Rule 8 requires a complaint to clearly establish the claims and parties such that a defendant would have "no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131–32 (9th Cir. 2008). Pleadings that are "verbose, confusing and conclusory" are subject to dismissal. *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A plaintiff fails to comply with Rule 8 if "all defendants are lumped together in a single, broad allegation." *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cnty. of S.F.*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, a cause of action's elements that are "supported by mere conclusory statements[] do not suffice." *Id.* Accordingly, "for a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-05916-MWC-JPR            Date: January 21, 2026

Title:    Blake Stanley *et al.* v. Dr. Ing. h.c.F. Porsche AG *et al.*

complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

III.    Discussion[1]

     A.    Consumers Legal Remedies Act Claim

Defendant makes several arguments in favor of dismissing Plaintiff's CLRA claim, but these arguments fall short. For the reasons below, the Court will not dismiss Plaintiff's CLRA claim.

         i.    *Duty to Disclose*

             a.    *Cognizable Safety Hazard*

First, Defendant asserts that Plaintiff fails to show that Defendant had a duty to disclose the vehicle's defect. This argument proceeds in two parts—that Plaintiff fails to plead a cognizable safety hazard, and that Plaintiff does not adequately plead Defendant's knowledge of that safety hazard. *See Mot.* 5–9.

"In order to state a claim for failing to disclose a safety defect, Plaintiffs must allege (1) the existence of a design defect; (2) the existence of an unreasonable safety hazard; (3) a causal connection between the alleged defect and the alleged safety hazard; and that the manufacturer knew of the defect at the time a sale was made." *Apodaca v. Whirlpool Corp.*, No. SACV 13-00725 JVS (ANx), 2013 WL 6477821, at *9 (C.D. Cal. Nov. 8, 2013) (citing *Grodzitsky v. Am. Honda Motor Co., Inc.*, No. 2:12-cv-1142-SVW-PLA, 2013 WL 2631326, at *5 (C.D. Cal. June 12, 2013)). "Where a plaintiff alleges a sufficiently close nexus between the claimed defect and the alleged safety issue, the injury risk need not have

---

[1] Plaintiff argues that the Court should deny Defendant's motion to dismiss because Defendant failed to meet and confer under the Local Rules and because Defendant failed to make arguments in previous motions that it now makes in this motion to dismiss. *See generally Opp.* Because the Court prefers to decide issues on the merits, it will do so. Still, the Court reminds the parties that they are expected to engage collaboratively and to diligently comply with the Local Rules and the scheduling order. Moreover, the Court will not entertain *ad hominem* attacks or adjudicate based on gamesmanship.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-05916-MWC-JPR                                                     Date: January 21, 2026

Title:     Blake Stanley *et al.* v. Dr. Ing. h.c.F. Porsche AG *et al.*

come to fruition." *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1028 (9th Cir. 2017).

     Here, the SAC adequately explains the existence of a design defect in the TCC, the existence of an unreasonable safety hazard, and a causal connection between the two. The SAC describes the TCC as "seal[ing] the front face of the engine, protect[ing] the engine timing chain and associated engine timing components, and help[ing] keep the engine oil contained within the timing system, ensuring the system is properly lubricated for smooth operation." *SAC* ¶ 20. The SAC notes that the TCC in the subject engines "suffers from a design defect that causes oil to leak from the perimeter of the TCC into the engine bay onto drive belts, electrical equipment, and hot engine components," *see id.* ¶ 24, and explains in detail the scientific reasons as to how that defect occurs, *see id.* ¶ 25 (discussing the chemical composition and geometric structure of the TCC and the impact of heat from engine use on the TCC). As to the safety hazard, the SAC notes that "[t]he oil leaks caused by the TCC design defect create serious safety hazards, including fire risk. Oil leaking from the TCC junctures onto or even in the proximity of hot engine components . . . can ignite, causing engine fires that threaten vehicle occupants and others." *Id.* ¶ 28. Regarding the causal connection between the design defect and the safety hazard, the SAC's detail as to the inadequacy of the TCC's design demonstrates that such a design would cause oil leakage. *See id.* ¶ 25. Defendant argues that the SAC does not sufficiently describe how oil leakage near hot engine components causes a fire, but the Court can draw such a basic inference based on the SAC's allegations. *See Beyer v. Symantec Corp.*, 333 F. Supp. 966, 978 (N.D. Cal. 2018) ("At the pleading stage, the court draws reasonable inferences in the plaintiff's favor."). These detailed allegations are at least sufficient to plead the existence of a design defect, an unreasonable safety hazard, and a causal connection between them. *See Apodaca*, 2013 WL 6477821, at *9.

     Still, Defendant contends that because Plaintiff has not identified an example of such a fire occurring, he cannot maintain a claim. *See Mot.* 5–6. Defendant misunderstands Plaintiff's burden at this stage. At the pleading stage, the risk to Plaintiff's safety must only be plausible—the Plaintiff does not need to show that the risk has already harmed him or others. *See Hindsman v. Gen. Motors LLC*, No. 17-cv-05337-JSC, 2018 WL 2463113, at *12 (N.D. Cal. June 1, 2018) ("GM insists these allegations do not plausibly allege a safety hazard because Plaintiffs do not allege that a single engine has ever caught fire or shut down because of the Oil Consumption Defect. However, a consumer need not wait to suffer injury before she is able to challenge a defect as an unreasonable safety hazard . . . ."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-05916-MWC-JPR                                          Date: January 21, 2026

Title:        Blake Stanley *et al.* v. Dr. Ing. h.c.F. Porsche AG *et al.*

(citing *Williams*, 851 F.3d at 1028–29)); *see also Aarons v. BMW of N. Am. LLC*, No. CV 11-7667 PSG (Cwx), 2012 WL 13054253, at *3 (C.D. Cal. Mar. 16, 2012). Because Plaintiff has shown a sufficient nexus between the design defect and the safety risk, his pleading survives a motion to dismiss. *See Gaines v. Gen. Motors Co.*, No. 17cv1351-LAB (JLB), 2019 WL 913088, at *4 (S.D. Cal. Feb. 25, 2019) (citing *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1144 (9th Cir. 2012)); *see also id.* ("[Plaintiff] does not have to show that anyone was actually injured, but she must plead facts that plausibly show an unreasonable safety risk." (citing *Kirsopp v. Yamaha Motor Co. Ltd.*, CV 14-00496 BRO (VBKx), 2015 WL 11197829, at *10 (C.D. Cal., Jan. 7, 2015))).

Though Defendant relies heavily on *Williams*, that case does not prevent Plaintiff's claim from going forward. The *Williams* plaintiffs alleged that the defect "merely accelerates the normal and expected process of corrosion in outboard motors" of Yamaha boats. *See Williams*, 851 F.3d at 1028. The court identified a logical flaw in the plaintiffs' reasoning—"[w]ere we to conclude that [Plaintiffs'] allegations of premature but otherwise normal wear and tear plausibly establish an unreasonable safety hazard, we would effectively open the door to claims that *all* of Yamaha's outboard motors eventually pose an unreasonable safety hazard." *See id.* (emphasis in original); *see also Hindsman*, 2018 WL 2463113, at *12. Since reference to a past incident of harm is not necessary, Defendant repeats its argument that the SAC does not adequately describe how the Macan's design defect could cause a fire. *See Reply* 7–8. But the Court has already rejected this argument—thus, the SAC sufficiently alleges a cognizable safety hazard. *See Johnson v. Glock*, No. 3:20-cv-08807-WHO, 2021 WL 428635, at *5 (N.D. Cal. Feb. 8, 2021) ("At this stage, [Plaintiff] must only show that the existence of an unreasonable safety hazard is plausible.").

       b.  *Defendant's Knowledge of Safety Defect*

Defendant next argues that Plaintiff "fails to plead how PCNA had knowledge of that risk." *See Mot.* 7. To be sure, "plaintiffs must sufficiently allege that a defendant was aware of a defect at the time of sale to survive a motion to dismiss." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012). Conclusory allegations of knowledge or intent are not sufficient. *See Elias v. Hewlett-Packard Co.*, 950 F. Supp. 2d 1123, 1138 (N.D. Cal. 2013). Instead, plaintiffs must present "at least a plausible basis" for the manufacturer's knowledge of the defect. *See id.* (citing *Wilson*, 668 F.3d at 1146).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-05916-MWC-JPR                                    Date: January 21, 2026

Title:      Blake Stanley *et al.* v. Dr. Ing. h.c.F. Porsche AG *et al.*

      Plaintiff's allegations are sufficient to plead knowledge at this stage. The SAC states that "Porsche AG informed PCNA of the TCC design defect and its consequences before the Macan entered into production. On information and belief, Porsche AG and PCNA engineers as well as management, understood that the oil leaks resulting from the TCC design defect posed a safety hazard to consumers . . . ." *SAC* ¶ 52. Though Defendant cites *Wilson*, that case is inapplicable. The court there noted that "the complaint states that since the Laptops suffer from an inadequate Design for Reliability, HP also has been on notice, since the time it began manufacturing and selling these Laptops that these computers were seriously defective or hazardous." *Wilson*, 668 F.3d at 1146. The *Wilson* court's reasoning hinged on a claim that the defect itself put the defendant on notice, but the plaintiffs "reference[d] neither the specific defect alleged in the complaint nor HP's knowledge of that defect." *See id.* at 1147. By contrast, the SAC is specific as to the defect in question and how Defendant learned of that defect. *See SAC* ¶ 52; *contra Castillo v. Prime Hydration LLC*, 748 F. Supp. 3d 757, 773 (N.D. Cal. 2024) ("[Plaintiff] fails to plead any factual allegations showing that [Defendant] had . . . any knowledge . . . about the presence of PFAS in the product. Therefore, [Plaintiff] cannot proceed under an omission theory . . . .").

      Defendant also highlights Plaintiff's pleading "on information and belief," but this basis does not doom Plaintiff's allegations. As Defendant identifies, "'[t]he *Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant . . . .'" *See Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (quoting *Artista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)); *Mot.* 8. Defendant believes that conduct in other litigation—specifically, *Klein v. Dr. Ing. h.c.F. Porsche AG*, No. 2:20-cv-10079 (C.D. Cal.)—prevents such knowledge from being peculiarly within the possession and control of the defendant. *See Mot.* 8. But, in crafting its *Klein* argument, Defendant cites a case where the parties had already proceeded to summary judgment, which differs from the posture of this case. *See id.* (citing *Bank of N.Y. Mellon v. Astoria Trails N. Homeowners Ass'n*, No. 2:15-cv-00366-APG-CWH, 2016 WL 11857288, at *2 (D. Nev. May 27, 2016)). Defendant does not identify any case—nor is the Court aware of one—where discovery conduct in previous litigation precluded a party from pleading on information and belief in a later case. Holding otherwise would effectively insert a res judicata standard where Defendant has offered no analysis of the kind. Without any authority to the contrary, Plaintiff's pleading on information and belief

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-05916-MWC-JPR                                              Date: January 21, 2026

Title:      Blake Stanley *et al.* v. Dr. Ing. h.c.F. Porsche AG *et al.*

is sufficient at this stage. *Cf. Cadence Bank v. Heritage Family Offices L.L.P.*, No. CV-23-00124-TUC-SHR, 2024 WL 962174, at *9 (D. Ariz. Mar. 6, 2024).

Accordingly, the SAC's allegations are sufficient at this stage to show Defendant's knowledge of the design defect and the safety risk it created.

> ii.   *Misleading Reasonable Consumer*

Defendant's last argument under the CLRA is that no reasonable consumer would be misled by the alleged omission. *See Mot.* 10. The "reasonable consumer" test governs claims under California's consumer protection statutes. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). This standard requires a plaintiff to "'show that members of the public are likely to be deceived.'" *Becerra v. Dr Pepper / Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) (quoting *Gerber Prods.*, 552 F.3d at 938). The test requires more than a mere possibility that a representation "might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner," but instead a probability "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003).

Defendant asserts that Plaintiff did not review "channels" describing "the used Macan that Mr. Stanley actually purchased." *Mot.* 10 (emphasis omitted). Instead, Defendant claims that had Plaintiff "reviewed the disclosures accompanying the vehicle he bought . . . he'd have found the risk of oil leaks conspicuously disclosed." *See id.* Defendant points to the federal regulation requiring display of the "Buyers Guide," which includes a disclosure that used vehicles may have oil leakage from the engine, "excluding normal seepage." *See id.* 10–11 (citing 16 C.F.R. § 455).

Even though the Buyers Guide would have mentioned that used vehicles could suffer from oil leaks in general, that fact alone does not overcome Plaintiff's allegations. Plaintiff identifies several places where he learned about the Macan—the 2013 LA Auto Show, a Porsche dealership, the US market brochure for the 2016 Macan, the Porsche website, general Google searches, and a review of the Macan on "the Edmunds." *See SAC* ¶¶ 83–88. He alleges that none of those places included information about the TCC design defect. *See generally id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-05916-MWC-JPR						Date: January 21, 2026

Title:	Blake Stanley *et al.* v. Dr. Ing. h.c.F. Porsche AG *et al.*

    Contrary to Defendant's argument, a general pronouncement about oil leaks in the Buyers Guide does not preclude Defendant's misleading a reasonable consumer about the TCC design defect. Defendant is primarily incorrect because it ignores that a reference to oil leaks of some kind do not adequately inform a reasonable consumer of the TCC's oil leaks, or oil leaks that may cause an engine fire. Defendant does not contend that the Buyers Guide includes any reference to a risk of fire, nor does it assert that the exclusion of "normal seepage" implies that a component of the vehicle may deform so significantly as to cause a fire. *See Mot.* 10–12. "A 'reasonable consumer' is an 'ordinary consumer acting reasonably under the circumstances,' who 'is not versed in the art of inspecting and judging a product, [or] in the process of its preparation or manufacture . . . .'" *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 885 (C.D. Cal. 2013) (quoting *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 680 (2006)). By Defendant's logic, the Buyers Guide's reference to oil leaks that "exclude normal seepage" would put individuals who are not versed in the art of inspecting and judging a car on notice that a used car may catch on fire from oil leaks. The Court cannot endorse such a perverse result. Ironically, Defendant emphasizes the SAC's purported failure to reference an advertisement regarding the "used Macan that Mr. Stanley actually purchased," *see Mot.* 10, while also maintaining that the Buyers Guide's reference to used vehicles generally should have put him on notice that the TCC design defect was lurking in his used Macan specifically. If the Court were to accept Defendant's argument, even the most severe undisclosed oil leakage and the fire risk stemming from it could not form the basis of a CLRA claim.

    Nor does Defendant's authority save it. The only case that grapples with the Buyers Guide in a similar way is *Beshwate v. BMW of North America, LLC*, but that case does not lead the Court to change its conclusion. *See generally* No. 1:17-cv-00417-SAB, 2017 WL 6344451 (E.D. Cal. Dec. 12, 2017). There, "the buyer's guide [*sic*] itself state[d] that the warranty is limited and direct[ed] the consumer to request a copy of the warranty for the full coverage," so the court found "that no reasonable consumer would be misled to believe that CarMax was representing there would be no limitations on the coverage provided by the warranty." *See id.* at *16. Where the Buyers Guide in that case squarely controlled, here the Buyers Guide is so general as to be inapt. Instead, *Sonneveldt v. Mazda Motor of America, Inc.* offers a more fitting analogy. *See generally* No. 8:19-cv-01298-JLS-KES, 2022 WL 17357780 (C.D. Cal. Oct. 21, 2022). The *Sonneveldt* court explained that "[t]hough the Buyers Guide and [Powertrain Limited Warranty] mention water pump failure and malfunction, it is a stretch to suppose that buyers who received these documents

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:25-cv-05916-MWC-JPR | Date: January 21, 2026 |
| Title: Blake Stanley *et al.* v. Dr. Ing. h.c.F. Porsche AG *et al.* | |

would have been on notice of the alleged defect at issue here or the risks and effects of a failing water pump." *See id.* at *22. Here, the Buyers Guide did not include the requisite information for a purchaser of a used Macan to understand the TCC design defect or its associated risks.

Thus, the SAC sufficiently pleads that Defendant's omission would mislead a reasonable consumer.

B.  Unfair Competition Law Claim

"To prove a claim under the [UCL], a plaintiff must show 'that the defendant committed a business act that is either fraudulent, unlawful, or unfair.'" *Becker v. Wells Fargo Bank NA, Inc.*, No. 2:10-cv-2799-TLN-KJN PS, 2014 WL 3891933, at *23 (E.D. Cal. Aug. 7, 2014) (quoting *Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 1136 (2010)).

Because the SAC adequately states a claim under the CLRA, it states a claim under the UCL under the "unlawful" prong. "The unlawful prong of the UCL prohibits 'anything that can properly be called a business practice and that at the same time is forbidden by law.'" *Herskowitz v. Apple Inc.*, 940 F. Supp. 2d 1131, 1145 (N.D. Cal. 2013) (quoting *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999)). Stated differently, "UCL claims under the unlawful prong 'borrow[] violations of other laws . . . and make[] those unlawful practices actionable under the UCL.'" *Hahn v. Select Portfolio Servicing, Inc.*, 424 F. Supp. 3d 614, 634 (N.D. Cal. 2020) (quoting *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007)). "'Thus, a violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong.'" *Id.* (quoting *Berryman*, 152 Cal. App. 4th at 1554).

A CLRA claim "is an adequate basis for pleading liability under the unlawful prong of the UCL." *See Arevalo v. Bank of Am. Corp.*, 850 F. Supp. 2d 1008, 1023 (N.D. Cal. 2011); *see also In re Zoom Video Commc'ns Inc. Priv. Litig.*, 525 F. Supp. 3d 1017, 1047 (N.D. Cal. 2021). Accordingly, because the Court denied Defendant's motion to dismiss Plaintiff's CLRA claim, the Court must also deny Defendant's motion to dismiss Plaintiff's UCL claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:25-cv-05916-MWC-JPR | Date: January 21, 2026 |
| Title:  Blake Stanley *et al.* v. Dr. Ing. h.c.F. Porsche AG *et al.* | |

IV.    Class Allegations

Defendant's final argument is that the Court should strike Plaintiff's class allegations. Because the Court finds such an argument more appropriate for the class certification stage, it will not do so.

Even if there are reasons to doubt whether the case "can be maintained as a class action, the propriety of the class allegations [is] better addressed at the class certification stage. Motions to strike class allegations at the pleading stage are highly disfavored, and for good reason." *Azad v. Tokio Marine HCC-Med. Ins. Servs. LLC*, No. 17-cv-0618-PJH, 2017 WL 3007040, at *8 (N.D. Cal. July 14, 2017); *see Dream Big Media Inc. v. Alphabet Inc.*, No. 22-cv-02314-JSW, 2022 WL 16579322, at *7 (N.D. Cal. Nov. 1, 2022); *Gallardo v. AT&T Mobility, LLC*, 937 F. Supp. 2d 1128, 1139 (N.D. Cal. 2013). "[D]ismissal of class allegations at the pleading stage should be done rarely and . . . the better course is to deny such a motion because the shape and form of a class action evolves only through the process of discovery." *In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) (internal quotation marks and citation omitted).

Defendant avers that because Plaintiff seeks to represent a class of people who purchased a used Macan vehicle, the Court can dispose of his class allegations immediately. *See Mot.* 14. Defendant asserts that "[n]o amount of discovery would allow Mr. Stanley to prove such exposure [to the alleged omission] for a class of used-car buyers" because a class member who purchased a used Macan "may not have interacted with a Porsche representative at all prior to purchase, and indeed may not have viewed any material advertisements from Porsche." *See id.* 15 (quoting *Butler v. Porsche Cars N. Am., Inc.*, No. 16-CV-2042-LHK, 2017 WL 1398316, at *11 (N.D. Cal. Apr. 19, 2017)) (emphases omitted). Defendant's reasoning belies its conclusion. The operative word of Defendant's argument is "may." To be sure, it is possible that class members "may" not have interacted with a Porsche representative at all prior to purchase, and that they "may" not have viewed any material advertisements from Porsche. Class discovery—and the class certification motion that will inevitably follow—will address precisely these issues. *See Gilbert v. Citigroup, Inc.*, No. C 08-0385 SC (JL), 2009 WL 10692463, at *7 (N.D. Cal. Apr. 2, 2009) ("As for Plaintiff's putative Rule 23 class, discovery on issues going to the maintenance of the class, commonality of the class members and typicality of the class representative are permitted when necessary for Plaintiff to prove her case." (citing *Doninger v. Pac. Nw. Bell, Inc.*, 564 F. 2d 1304, 1313 (9th Cir. 1977))); *see also Whittaker*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:25-cv-05916-MWC-JPR | Date: January 21, 2026 |
| Title: | Blake Stanley *et al.* v. Dr. Ing. h.c.F. Porsche AG *et al.* | |

*v. Freeway Ins. Servs. Am., LLC*, No. CV-22-8042-PCT-DGC, 2023 WL 167040, at *6 (D. Ariz. Jan. 12, 2023) ("The shape and form of the classes can evolve through discovery." (internal quotation marks and citation omitted)).

Nor does *Klein* change the Court's conclusion. *Contra Mot.* 15–16. As the Court explained *supra*, this case is a different one, and Defendant has not argued that preclusion ought to control its outcome. Because it is not clear from the face of the complaint that no class can be certified, *see Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 834 (D. Ariz. 2016), and Plaintiff is "entitled to discovery on class certification factors pre-certification," *Orozco v. Ill. Tool Works Inc.*, No. 2:14-cv-2113-MCE-EFB, 2016 WL 2605208, at *2 (E.D. Cal. Apr. 11, 2016) (citing *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 359 (1978)), the Court will not strike Plaintiff's class allegations at this juncture. "Whether or not a class can be certified here must be left to the class certification stage of the litigation." *Bronson v. Samsung Elecs. Am., Inc.*, No. C 18-2300 WHA, 2019 WL 174526, at *2 (N.D. Cal. Jan. 10, 2019).

V.    Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss the SAC. Defendant must file an answer to the SAC on or before February 6, 2026. The January 23, 2026, hearing is **VACATED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | TJ |