**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| BLAKE STANLEY, an Individual on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> DR. ING. H.C.F. PORSCHE AG, a German corporation, and PORSCHE CARS NORTH AMERICA, INC., a Delaware corporation, <br><br> Defendants. | CASE NO. 2:25-CV-5916-MWC-DMK <br><br> *Hon. Michelle Williams Court* <br> *Hon. Diana M. Kwok* <br><br> **STIPULATED PROTECTIVE ORDER** <br><br><br> SAC Filed: Dec. 12, 2025 |

## 1.   INTRODUCTION

### 1.1   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited

information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file Confidential Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

### 1.2    GOOD CAUSE STATEMENT

Plaintiff's Second Amended Complaint ("SAC") alleges that certain Porsche Macan vehicles sold used in the State of California are defective due to engine oil leaks ion.  Plaintiff alleges the defects will manifest in all purported class vehicles and entails the risk of vehicle fire.  He and the putative class are claimed to have suffered damages associated with repair costs and diminution in value.  Certain claims for violation of the California's Consumer Legal Remedies Act and Unfair Competition Law following the motion to dismiss of Defendant Porsche Cars North America, Inc.  Good cause exists for entry of this Stipulated Protective Order because responding to these claims may involve private or proprietary information such as Defendants' confidential policies and procedures, competitively-sensitive business information, customer records, and financial information, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.

The Parties anticipate that during discovery they may disclose, produce, or exchange information, documents, and tangible things that reflect sensitive personal, financial, and/or proprietary information including, but not limited to, trade secrets (including information related to the design, development, assembly, testing service, repair, and monitoring of the putative class vehicles), financial records, business strategy, marketing, customer information and communications, and personally identifiable information.  Private information of third parties may also be disclosed.  It is important that this information remain protected and not be readily available due

- 2 -
STIPULATED PROTECTIVE ORDER

to the dangers of identity theft, the constitutional privacy rights of third parties, and protection of business competition interests.   The unrestricted or unprotected disclosure of such information would result in prejudice or harm to the producing party and third parties, and/or violation of federal and state privacy laws.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. To the extent any party believes that another country's law or procedural rule provides applicable protections that vary from the Federal Rules of Civil Procedure, such party will provide notice of that other country's law or procedural rule and of its applicability to documents that are not otherwise protected by United States law or procedure.  It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.     DEFINITIONS**

**2.1     Action**: _Blake Stanely v. Dr. Ing. h.c. F. Porsche AG, et al_, Case No. 2:25-CV-5916 (C.D. Cal.).

**2.2     Challenging Party**:  a Party or Nonparty that challenges the designation of information or items under this Order.

**2.3     "CONFIDENTIAL" Information or Items**:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) including: (a) information that is proprietary, commercially, competitively, or personally sensitive, or in the nature of trade secrets including, but not limited to, research and development information,

business and marketing strategy, and intellectual property; (b) business or personal information that, if disclosed, may cause competitive or personal harm or disadvantage based on the good faith judgment of the Designating Party; (c) nonpublic tax returns, credit or banking information, and any other financial information; and (d) personally identifying information, such as contact information, social security numbers, or other similar types of information that has not been made generally available to the public, and as specified above in the Good Cause Statement.

**2.4** **Counsel**:  Outside Counsel of Record and House Counsel (as well as their support staff).

**2.5** **Designating Party**:  a Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

**2.6** **Disclosure or Discovery Material**:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.7** **Non-US Discovery Material**:  all items and information of the types described in paragraph 2.6, *supra*, that reside outside of the United States.

**2.8** **Expert**:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

**2.9** **House Counsel**:  attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.10** **Nonparty**:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.11** **Outside Counsel of Record**:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party and have appeared

STIPULATED PROTECTIVE ORDER

in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

2.12  **Party**:  any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13  **Producing Party**:  a Party or Nonparty that produces Disclosure or Discovery Material in this Action.

2.14  **Professional Vendors**:  persons or entities that provide litigation support services (for example, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15  **Protected Material**:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.16  **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also any information copied or extracted from Protected Material; all copies, excerpts, summaries, or compilations of Protected Material regardless of form; and any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.  **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition is the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, or (2)

STIPULATED PROTECTIVE ORDER

final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time under applicable law.

## 5.    DESIGNATING PROTECTED MATERIAL

5.1    Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (for example, to unnecessarily encumber the case-development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for that level of protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Except as otherwise provided in this Order, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

(a)  for information in documentary form (for example, paper or electronic documents but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix at a minimum the legend "CONFIDENTIAL – Stanley v. Dr. Ing. h.c. F. Porsche AG, et al., Case No. 2:25-

CV-5916" (hereinafter "CONFIDENTIAL") to each page that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

(b) a Designating Party or its counsel may designate deposition exhibits or portions of deposition testimony/transcripts as "CONFIDENTIAL" by notifying the reporter and all counsel of record for the Parties, in writing, within 30 days after a final transcript of a deposition has been provided by the court reporter, of the specific pages and lines of the transcript and exhibits thereto that are to be designated "CONFIDENTIAL," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Designating Party or that Party's counsel. During the period following a deposition until 30 days after transcription has been provided, all Parties will treat the entire deposition transcript as if it had been designated "CONFIDENTIAL." Deposition exhibits that have already been designated "CONFIDENTIAL" do not need to be re-designated as such after they are used in a deposition, and the Parties will continue to treat them as such after the expiration of the 30-day period.

(c) for information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrant protection, the Producing Party, to the extent practicable, must identify the protected portion(s).

(d) the Parties anticipate that Non-US Discovery Materials may be produced in this case. In order to safeguard against potential violations of the European Union's General Data Protection Regulation ("GDPR") and all applicable German data privacy laws, personal data (as that term is defined in the GDPR) may be redacted by

the Designating Party from Non-US Discovery Materials.  The Designating Party will provide a log of redactions made that complies with FRCP 26(b)(5). If the Parties dispute whether a particular redaction is appropriate under the GDPR and/or German law, the Receiving Party may, in compliance with Local Rule 37, file a motion to compel production of an unredacted version of that document and the Producing Party may oppose said motion. In entering into this Protective Order, the Parties do not waive their right to discoverable information that they would otherwise be entitled to absent this Protective Order.

5.3  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for that material.  On timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1  Any Party or Nonparty may challenge a designation of confidentiality at any time consistent with the Court's scheduling order.

6.2  The Challenging Party must initiate the dispute-resolution process (and, if necessary, file a discovery motion) under Local Rule 37.

6.3  The burden of persuasion in any such proceeding is on the Designating Party.  Frivolous challenges, and those made for an improper purpose (for example, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties must continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.  ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for

prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of people and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner sufficiently secure to ensure that access is limited to the people authorized under this Order. Any information copied or extracted from Protected Material; all copies, excerpts, summaries, or compilations of Protected Material; and any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material is subject to this Protective Order to the same extent as the document designated "CONFIDENTIAL," and must be labeled as "CONFIDENTIAL." A recipient shall not duplicate any document designated "CONFIDENTIAL" except for use as working copies and for filing in court.

7.2 Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following people:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of that Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

STIPULATED PROTECTIVE ORDER

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided that the deposing party requests that the witness sign the form attached as Exhibit A hereto and the witnesses will not be permitted to keep any confidential information unless they sign the form, unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(i)    an officer before whom a deposition is taken, including stenographic reporters, videographers, multi-media specialists, translators, notaries, and any necessary secretarial, clerical, or other personnel of such officer; and

(j)    any mediator or settlement officer, and their supporting personnel, mutually agreed on by any of the Parties engaged in settlement discussions or appointed by the Court.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must

(a)    promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order unless prohibited by law;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena

- 10 -

or order is subject to this Protective Order.  Such notification must include a copy of this Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order should not produce any information designated in this action as "CONFIDENTIAL" before a determination on the protective-order request by the relevant court unless the Party has obtained the Designating Party's permission. The Designating Party bears the burden and expense of seeking protection of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.   A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)  The terms of this Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL."  Such information is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

(b)  In the event that a Party is required by a valid discovery request to produce a Nonparty's Confidential Information in its possession and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's Confidential Information, then the Party must

(1)  promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

STIPULATED PROTECTIVE ORDER

(2)   promptly provide the Nonparty with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Nonparty, if requested.

(c)   If the Nonparty fails to seek a protective order within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's Confidential Information responsive to the discovery request.  If the Nonparty timely seeks a protective order, the Receiving Party must not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a ruling on the protective-order request.  Absent a court order to the contrary, the Nonparty must bear the burden and expense of seeking protection of its Protected Material.

**10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately notify the Designating Party in writing of the unauthorized disclosures, use its best efforts to retrieve all unauthorized copies of the Protected Material, inform the person or people to whom unauthorized disclosures were made of the terms of this Order, and ask that person or people to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

STIPULATED PROTECTIVE ORDER

**11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, regardless of whether the information was designated "CONFIDENTIAL" at the time of disclosure, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

**12.   MISCELLANEOUS**

12.1   Nothing in this Order abridges the right of any person to seek its modification by the Court.

12.2   By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3   A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.4 Whenever documents and/or information designated as "CONFIDENTIAL" pursuant to this Protective Order are to be disclosed or displayed in a hearing or court proceeding, the Receiving Party must not refer to the contents of such "CONFIDENTIAL" documents or information unless the Designating Party has had meaningful notice and an opportunity to object.  Counsel, may, however, respond to inquiries by the Court or argument by opposing counsel with reference to "CONFIDENTIAL" documents or information, but before doing so, will alert the Court and opposing counsel so that appropriate steps can be taken to protect the

"CONFIDENTIAL" documents or information.  As appropriate, any Party claiming confidentiality may request that the Court exclude from the room any person, other than persons designated in Paragraph 7 of this Protective Order, as appropriate, for that portion of the deposition, hearing or proceeding.

12.5   This Protective Order shall not constitute a waiver of any Party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information.  Nothing in this Protective Order shall prejudice any Party or Nonparty from seeking amendments broadening or restricting the rights of access to and use of "CONFIDENTIAL" Information hereunder, or other modifications, subject to order by the Court.

## 13.    FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, when appropriate) all the Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product even if such materials contain Protected Material.  Any such archival copies that contain or

constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

**14.    SANCTIONS**

Any willful violation of this Order may be punished by civil or criminal contempt, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated: March 30, 2026              DLA PIPER LLP (US)

                                   By:   /s/ *Nathan P. Heller*
                                         Christopher M. Young
                                         Nathan P. Heller (*pro hac vice*)


                                   Attorneys for Defendant Porsche Cars North America, Inc.

Dated: March 30, 2026              THE X-LAW GROUP, P.C.

                                   By:   /s/ *Filippo Marchino*
                                         Filippo Marchino
                                         Thomas E. Gray


                                   Attorneys for Plaintiff Blake Stanley


DATED: April 8, 2026

_____
DIANA M. KWOK
U.S. MAGISTRATE JUDGE

- 15 -
STIPULATED PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Central District of California on [date] in the case of **Blake Stanley v. Dr. Ing. h.c. F. Porsche AG, et al., Case No. 2:25-cv-5916 (C.D. Cal.).** I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER